MEMORANDUM *
Fernando Corniel-Reyes (“CornielReyes”) appeals his conviction for Attempted Possession of a Controlled Substance with Intent to Distribute and Conspiracy to Distribute a Controlled Substance. We affirm, finding that any trial errors were harmless.
*125 Because defense counsel did not object at trial to the prosecutor’s questioning, we review for plain error. United States v. Sanchez, 176 F.3d 1214, 1218 (9th Cir.1999). “Plain error is highly prejudicial error affecting substantial rights.” United States v. Rudberg, 122 F.3d 1199, 1206 (9th Cir.1997). Reversal is proper “only if ... the impropriety seriously affected the fairness, integrity, or public reputation of judicial proceedings, or where failing to reverse a conviction would result in a miscarriage of justice.” United States v. Combs, 379 F.3d 564, 568 (9th Cir.2004). In applying the plain error standard, we “consider all circumstances at trial including the strength of the evidence against the defendant.” Rudberg, 122 F.3d at 1206 (quoting United States v. Chambers, 918 F.2d 1455, 1459 (9th Cir.1990)).
The prosecutor’s questioning of Corniel-Reyes constituted error. In both United States v. Geston, 299 F.3d 1130, 1136 (9th Cir.2002), and Combs, 379 F.3d at 572, we held that asking a witness to give his opinion about the credibility of government witnesses constituted prosecutorial error. Here, on three different occasions, the government asked questions that compelled Corniel-Reyes to give his opinion about the credibility of government witnesses.
We concluded in Geston, 299 F.3d at 1136-37, and Combs, 379 F.3d at 572, that the error was plain. The facts of those cases, however, are quite different from this one. A second trial necessitated by an initial hung jury mistrial led to Geston’s conclusion “that the improper questioning [in Geston’s second trial] impacted [his] due process rights.” Id. In Combs, the prosecutorial error was compounded by both improper judicial involvement and the prosecutor’s closing argument, which made use of the improper questioning. Further, both cases were close and heavily dependent on witness credibility.
Here, the government presented substantial, independent evidence of guilt. After the drug deal had been arranged, Corniel-Reyes was stopped in Kansas drivihg a car with $46,000 in a hidden compartment. A week later, CornielReyes arrived in Las Vegas from New York, driving a Mercedes that was to serve as collateral for the drug transaction. Corniel-Reyes bragged to the undercover detective about his previous drug trafficking activities and mentioned that he would be driving the cocaine back to New York. At trial, both Jose Campusano and the undercover agent testified about Corniel-Reyes’s role as a drug trafficker. Although Corniel-Reyes raised a duress defense, he presented no independent evidence of the alleged threats. More importantly, these threats came after the Kansas stop and after Corniel-Reyes had driven the Mercedes to Las Vegas. Accordingly, any error from the prosecutor’s questioning of Corniel-Reyes was harmless.
Nor did the prosecutor commit reversible error in vouching for Campusano. Although the prosecutor’s mentioning of the plea agreement constituted improper vouching, the error was not plain. When reviewing for plain error due to improper vouching, we “balance[ ] the seriousness of the vouching against the effectiveness of any curative instruction and the closeness of the case.” United States v. Daas, 198 F.3d 1167, 1178 (9th Cir.1999).
Regarding the curative instruction, we held in United States v. Shaw, that instructing the jury to weigh the testimony of the cooperating witness “with greater caution than that of an ordinary witness” rendered the prosecutor’s error harmless. 829 F.2d 714, 718 (9th Cir.1987). Likewise, at Corniel-Reyes’s trial, the district *126 court instructed the jury that “[y]ou should consider [Campusano’s] testimony with great caution.”
As to the closeness of the case, “[w]hen the case is particularly strong, the likelihood that prosecutorial misconduct will affect the defendant’s substantial rights is lessened because the jury’s deliberations are less apt to be influenced.” United States v. Weatherspoon, 410 F.3d 1142, 1151 (9th Cir.2005). The case against Corniel-Reyes was substantial, including direct evidence of his participation in the drug deal and testimony from an undercover agent and a co-conspirator. Because Corniel-Reyes’s trial included both a curative instruction and strong evidence of guilt, any prosecutorial error in vouching was harmless.
Similarly, the cumulative effect of the errors does not merit reversal. Even if the prosecutorial errors individually do not “rise to the level of reversible error, their cumulative effect may nevertheless be so prejudicial to [warrant] reversal.” United States v. Wallace, 848 F.2d 1464, 1475 (9th Cir.1988). Where “the government’s case is weak, a defendant is more likely to be prejudiced by the effect of cumulative errors.” United States v. Frederick, 78 F.3d 1370, 1381 (9th Cir. 1996). Given the strong case presented by the government, the cumulative errors from the improper questioning and vouching did not sufficiently prejudice CornielReyes to warrant reversal.
Finally, the district court properly admitted evidence of Corniel-Reyes’s other drug trafficking activities. Federal Rule of Criminal Procedure 404(b) is inapplicable “where the evidence the government seeks to introduce is directly related to, or inextricably intertwined with, the crime charged in the indictment.” United States v. Lillard, 354 F.3d 850, 854 (9th Cir.2003). Corniel-Reyes does not appeal the district court’s ruling that the evidence was inextricably intertwined with the offense, and that finding alone is sufficient to admit the evidence.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.